Ward *v.* Tomkins.

---

| 30 | 3 |
|----|----|
| 48 | 36 |

| 30 | 3 |
|----|----|
| 52 | 359 |

JOSEPH WARD and others, executors, &c. of Elias Tomkins, deceased,

*v.*

ABIGAIL B. TOMKINS and others.

T. gave to the children of D. a part of his residuary estate, to be equally divided *between* them as they should respectively come to the age of twenty-one years. At the time of making the will and of T.'s death, D. had two children, but before the elder came of age another child was born, and all three are living, and the eldest has attained to majority.—*Held*, that each of the three children is entitled to an equal share, and that a contrary intention cannot be inferred from the testator's use of the preposition "between."

---

Bill for construction of will and for directions.

*Mr. J. W. Taylor*, for complainants.

THE CHANCELLOR.

Elias Tomkins, late of the city of Newark, deceased, by his will gave part of his residuary estate to the children of his son Daniel, with direction to his executors to invest it for the benefit of those children, and to divide it equally between them as they should respectively come to the age of twenty-one years. At the time when the will was made,

and at the time of the testator's death, Daniel had but two children. After the testator's death, and before the elder of those children became of age, another child was born to him, which is still living. The oldest of the children has attained the age of twenty-one years.

The question is, whether all three of the children participate in the gift, or only the two who were in existence when the testator died.

A bequest of a *corpus* or aggregate fund to children as a class, where the gift is not immediate, vests in all the children in existence at the death of the testator, but so as (where there is no evidence of intention to the contrary) to let in children subsequently coming into existence before, the period of distribution. Where, therefore, there is a postponement of the payment of the legacy until a period subsequent to the death of the testator, every person answering the description at the time fixed for the division will be entitled, though not *in esse* at the death of the testator; unless it is apparent from the will that the testator intended to limit the legacy to such of the class as would answer the description when the will took effect by his death. *Hawkins on Wills* 71, 72; *Theobald on Wills* 143; *Heater* v. *Van Auken,* 1 *McCart.* 167; *Feit* v. *Vanatta,* 6 *C. E. Gr.* 86; *Jenkins* v. *Fryer,* 1 *Pars.* 46, 53; *Locke* v. *Lamb, L. R.* (4 *Eq.*) 372; *Gimblett* v. *Purton, L. R.* (12 *Eq.*) 427. Words directing a division or distribution between two or more persons or objects at a future time are equivalent to a direction to pay at that time. *Jar. on Wills* 655; *May* v. *Wood,* 3 *Bro. C. C.* 471.

The evidence of intention to confine the gift to the two children existing at the time of the testator's death, to be drawn from the fact that in directing the distribution the testator has used the word "between," is too slight to be of any value. *Myres* v. *Myres,* 23 *How. Pr.* 410.

The three children are entitled to the fund in equal shares, to be paid to them as they respectively attain to their majority.